NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2422
_____


JOSEPH GREENAWALT,

Appellant

v.

CLARION COUNTY


_____


On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. Civil Action No. 2-09-cv-01489)
District Judge:  Honorable Gary L. Lancaster
_____


Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____



Before:  AMBRO, CHAGARES and HARDIMAN, Circuit Judges

(Opinion filed: January 30, 2012)
_____

OPINION
_____


AMBRO, Circuit Judge

Joseph Greenawalt appeals the District Court's grant of summary judgment to his former employer, Clarion County, in his suit alleging unlawful employment discrimination on the basis of age and gender. For the reasons that follow, we affirm.

I.

Because we write solely for the parties, we set forth only those facts necessary to our decision. Greenawalt worked as a corrections officer at the Clarion County Jail from November 2001, when he was hired at age 51, until August 2008, when he was terminated at age 58. An investigation by the Deputy Warden in 2008 revealed that Greenawalt, using an alias to conceal his identity, had been covertly mailing "gifts" of about $20 per week ($600 to $700 total) to a female inmate and depositing that money in her account at the Jail. Clarion County Jail Administrative Policy A-106, which was in place at the time of Greenawalt's employment, restricted the permissible nature of relationships between corrections officers and current and former inmates. It specifically prohibited monetary gifts. When confronted, Greenawalt admitted that he sent the money to the inmate under a false name and that his actions violated Policy A-106. After an administrative hearing on the matter, Greenawalt was discharged.

Greenawalt then sued Clarion County, claiming that he was discharged on the basis of his age and gender in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. Ann. § 951 *et seq.* Although Greenawalt admitted he knowingly violated

Policy A-106, he claimed that he was treated less favorably than younger, mostly female, corrections officers who violated that same policy.

Greenawalt pointed to four comparators. Corrections Officer Bobbie Mangiantini married a former inmate. She was also, according to some of her evaluations, too "inmate-friendly." Among other things, she reportedly had a snowball fight and played a "foot game" with current inmates. The County did not discharge Mangiantini nor did it ask her to resign. Corrections Officer Holly Parrish was permitted to resign, and did so, after the County discovered that she had written a letter to a former inmate. Corrections Officer April Johnston was given a oral warning for her involvement with a former inmate on Facebook. Corrections Officer Brad Smith, according to Greenawalt, was also involved with a former inmate and not disciplined.

The District Court granted Clarion County's motion for summary judgment. The Court determined that Greenawalt failed to establish a *prima facie* case of age or gender discrimination. Specifically, he did not produce evidence that would give rise to an inference of discrimination because he did not show that he was treated differently than similarly situated individuals who were not members of his protected class. Greenawalt's suggested comparators, according to the Court, were not similarly situated to him. It found that the circumstances surrounding their violations of Policy A-106 (relationships with former inmates) and the circumstances of his violation (covertly "gifting" money to a current inmate) were sufficiently distinguishable such that it was reasonable for the County to treat their offenses differently. In addition, the Court assumed that even if Greenawalt could establish a *prima facie* case, he offered insufficient evidence to suggest

3

that Clarion County's non-discriminatory reason for his termination (his violation of Policy A-106) was merely pretext for unlawful discrimination.  The Court also rejected his mixed-motive and subordinate-bias theories.  Greenawalt appeals.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

We review *de novo* a grant of summary judgment.  *Regents of Mercerberg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 163 (3d Cir. 2006).  Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).

## III.

Greenawalt offers three theories of discrimination — a pretext theory, a mixed-motive theory, and a subordinate-bias (or "cat's paw") theory.  All three theories fail.

We analyze Greenawalt's pretext theory under the familiar *McDonnell Douglas* burden shifting analysis.[1]  *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1065-66 (3d Cir. 1996) (en banc).  Under *McDonnell Douglas*, a plaintiff bears the initial burden of making out a *prima facie* case of discrimination.  If the plaintiff does so, the burden shifts to the defendant to state a legitimate, non-discriminatory reason for the

---

[1] The same analysis applies to Greenawalt's Title VII, ADEA, and PHRA claims.  *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003); *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

employment action. Once the defendant does so, the presumption of discriminatory action is rebutted and the plaintiff must prove that the defendant's stated reasons are a pretext for unlawful discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973).

To make out *a prima facie* case, Greenawalt must show, among other things, that he suffered an adverse employment action under circumstances that give rise to an inference of unlawful discrimination. *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999). Those circumstances may include the more favorable treatment of similarly situated individuals outside of the plaintiff's protected class. *Id.*

We agree with the District Court that Greenawalt did not meet his burden of making out a *prima facie* case of discrimination. His proffered comparators are not similarly situated to him. Although each of the corrections officers violated the same policy (Policy A-106) as he did, none of them covertly deposited money in a current inmate's account at the jail. The County was well within its discretion in treating Greenawalt's case differently than those of his comparators. If a current inmate can convince a corrections officer to send the inmate hundreds of dollars, the officer may be subject to the inmate's direction in other ways. In fact, according to Greenawalt, the female inmate told other inmates that she "owned" him. That is a security risk. It was permissible for the County to believe that relationships with former inmates, though they violate the policy, are not nearly as egregious as Greenawalt's behavior.

We also agree with the District Court that, assuming Greenawalt had established a *prima facie* case of age or gender discrimination, the County has given a legitimate, non-

5

discriminatory reason for Greenawalt's termination, and Greenawalt has failed to present evidence of pretext. "In order to show pretext, a plaintiff must submit evidence which (1) casts doubt upon the legitimate reason proffered by the employer such that a fact-finder could reasonably conclude that the reason was a fabrication; or (2) would allow the fact-finder to infer that discrimination was more likely than not a motivating or determinative cause of the employee's termination." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 370 (3d Cir. 2008). As proof of pretext, Greenawalt again points to the more favorable treatment his comparators received. But, as we noted, his comparators did not engage in similar conduct. We agree with the District Court that the County's "determination that Greenawalt committed a sufficiently egregious offense worthy of termination was such that a fact-finder could not reasonably infer that Greenawalt's termination was a post hoc fabrication, or that Greenawalt's age or gender motivated [the] decision."

Greenawalt's mixed-motive theory also fails. To begin, a violation of the ADEA cannot be shown using a mixed-motive theory. *Smith v. City of Allentown*, 589 F.3d 684, 690-91 (3d Cir. 2009). Under Title VII, a mixed-motive plaintiff may establish an unlawful employment practice by demonstrating "that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). The plaintiff is not required to present direct evidence of discrimination in order to proceed on a mixed-motive theory under Title VII. *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 92 (2003). Circumstantial evidence of discrimination is sufficient. *Id.* at 99-100. As our discussion

6

above makes clear, Greenawalt presents no direct or circumstantial evidence that his gender was a motivating factor in his termination.

Finally, Greenawalt cannot proceed on a subordinate-bias, or "cat's paw," theory of discrimination. A plaintiff may proceed on this theory if he offers evidence that "those exhibiting discriminatory animus influenced or participated in the decision to terminate" him. *Abramson v. William Patterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001). Greenawalt claims that the County relied on the Jail's Warden to provide them with the facts on which they based their termination decision. However, he has failed to point to any evidence that the Warden had discriminatory, bad intent toward him.

\* \* \* \* \*

For these reasons, we affirm the order of the District Court granting Clarion County summary judgment.